UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHANTE JULIAN | CIVIL ACTION |
| VERSUS | NO. 24-1525 |
| UNITED STATES OF AMERICA, *et al.* | SECTION M (1) |

## **ORDER & REASONS**

Before the Court is are two motions filed by defendant the United States of America (the "United States") – a motion to dismiss the claims brought against the United States Postal Service ("USPS") and Louis DeJoy for lack of subject-matter jurisdiction[1] and a motion to limit the *ad damnum*.[2] The motions are set for submission on October 3, 2024.[3] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance September 26, 2024. Plaintiff Chante Julian, who is represented by counsel, did not file an opposition to either motion. Accordingly, for the reasons stated below,[4]

---

[1] R. Doc. 4.
[2] R. Doc. 5.
[3] R. Docs. 4-2; 5-3.
[4] This case involves an automobile accident that involved a USPS employee working in the course and scope of his employment. R. Doc. 1 at 1-3. Julian filed this suit in state court against Cardell Morgan, the USPS, and DeJoy, in his official capacity as United States Postmaster General, alleging that she was injured when her vehicle was hit by a USPS vehicle driven by USPS employee Morgan. R. Doc. 1-1 at 3-7. The United States removed the action to this Court pursuant to 28 U.S.C. § 2679(d)(2) and substituted itself for Morgan as the proper defendant. R. Doc. 1 at 1-3. The United States acknowledges that Julian exhausted her administrative remedies under the Federal Tort Claims Act by timely filing a Standard Form 95 ("SF-95") apprising the USPS of the accident and seeking a sum certain of $101,000 in damages. R. Doc. 5-1 at 1-2. The United States also concedes that six months has passed since its receipt of the SF-95 without action, which is deemed a denial. *Id.* At present, the United States seeks dismissal of the USPS and DeJoy as defendants because the United States alone is the proper party. R. Doc. 4. It is correct. In an FTCA claim, the United States is the only proper party; thus, Julian's claims against the USPS and DeJoy must be dismissed with prejudice. *Farmer v. La. Elec. & Fin. Crimes Task Force*, 553 F. App'x 386, 388-89 (5th Cir. 2014) ("The United States, and not the agency itself, is the proper defendant in an FTCA action."). The United States also seeks to limit Julian's potential recover to the amount stated in her SF-95, specifically, $101,000. Pursuant to 28 U.S.C. § 2675(b), an FTCA claimant cannot seek more than what she asked for in her administrative complaint, unless "the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the

IT IS ORDERED that the United States's motion to dismiss the USPS and DeJoy is GRANTED, and Julian's claims against them are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the United States's motion to limit the *ad damnum* is DENIED.

New Orleans, Louisiana, this 27th day of September, 2024.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." *See Dickerson ex rel. Dickerson v. United States*, 280 F.3d 470, 474-75 (5th Cir. 2002). Without citing any evidence, the United States argues that Julian will not be able to meet this standard. R. Doc. 5-1. While Julian did not timely oppose the motion, the Court cannot, at this early stage (*i.e.,* before discovery has even commenced), definitively say that Julian will not be able to meet the criteria for recovering damages above those stated in her SF-95. Thus, the United States's motion to limit the *ad damnum* is denied without prejudice to its refiling a similar motion after sufficient discovery has been completed.