UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHANTE JULIAN | CIVIL ACTION |
| VERSUS | NO. 24-1525 |
| CARDELL MORGAN, *et al.* | SECTION M (1) |

### ORDER & REASONS

Before the Court is a motion to limit the *ad damnum* filed by defendant, the United States of America (the "Government").[1] Plaintiff Chante Julian opposes the motion only to the extent that the Government attempts to limit any award of costs and post-judgment interest.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion.

This case was brought under the Federal Tort Claims Act (the "FTCA"). Julian alleges that, in March of 2022, she was involved in an automobile accident with a United States Postal Service ("USPS") employee, resulting in injuries to her neck and back.[3] She presented her administrative claim for $101,000 to the USPS on April 10, 2023.[4] After the USPS failed to resolve her administrative claim within six months and it was deemed denied pursuant to 28 U.S.C. § 2675(a), Julian brought the instant FTCA suit against the Government.[5]

The FTCA limits a petitioner's recovery to "the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation

---

[1] R. Doc. 12.
[2] R. Doc. 13.
[3] R. Doc. 1-1 at 4.
[4] R. Doc. 12-2 at 1.
[5] R. Doc. 12-1 at 3.

and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). Julian does not argue that any exception applies. Accordingly, Julian's recoverable damages in this case are limited to $101,000, the amount stated in her administrative claim.

Julian only opposes the Government's motion to the extent that it seeks to prevent her from recovering costs and post-judgment interest in addition to a maximum damage award of $101,000. Federal Rule of Civil Procedure 54 provides that costs should be awarded to the prevailing party, including from the Government to the extent allowed by law. Fed. R. Civ. P. 54(d)(1); *see also* 28 U.S.C. § 2412(a) (permitting judgments for costs enumerated in 28 U.S.C. § 1920 against the Government "[e]xcept as otherwise specifically provided by statute"). Section 2675(b) does not specifically limit judgments for costs in FTCA actions. In addition, 28 U.S.C. § 1961(a) permits recovery of post-judgment interest from the Government "in a civil case recovered in a district court." Therefore, if Julian prevails and recovers the full $101,000 in claimed damages, she would not be precluded from recovering costs and post-judgment interest in addition to such damages.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Government's motion to limit the *ad damnum* (R. Doc. 12) is GRANTED.

New Orleans, Louisiana, this 15th day of May, 2025.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE